79 N.J. Super. 568 (1963)
192 A.2d 318
ELLIOT-FARBER ROOFING & SIDING SUPPLY CO., A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANTHONY SAITTA, TRADING AS CROWN CONSTRUCTION CO., BUILDER, DEFENDANT; AND STEVEN WISNIEWSKI AND HELEN WISNIEWSKI, OWNERS, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 27, 1963.
Decided June 27, 1963.
*570 Before Judges GOLDMANN, FREUND and FOLEY.
Mr. Thomas C. Mitchell argued the cause for appellants.
Mr. Louis Asarnow argued the cause for respondent.
The opinion of the court was delivered by FOLEY, J.A.D.
Defendants Steven Wisniewski and Helen Wisniewski appeal from a judgment in the amount of $792.84 and costs, entered in the Middlesex County District Court.
The matter is before us on an agreed statement in lieu of record. R.R. 1:6-2. The facts are not in dispute. On August 15, 1961 defendants entered into a written contract with Anthony Saitta, trading as Crown Construction Co., by which Saitta was to supply labor and materials for the alteration of the Wisniewski residence in East Brunswick, Middlesex County, for a total price of $2,550, payable in installments. The contract was not filed in the office of the Middlesex County Clerk at any time. See N.J.S. 2A:44-75. Defendants made installment payments to Saitta totalling $2,282.28, but it is not clear whether these payments were for work done and materials provided, or merely payments in advance. The last two of such payments were made on September 7, 1961 ($690) and September 21, 1961 ($92.28).
On September 5, 1961 plaintiff, a materialman, filed with the Middlesex County Clerk a notice of intention to furnish materials to Saitta, pursuant to N.J.S. 2A:44-71. Between that date and September 21, 1961 plaintiff furnished Saitta *571 with materials having a total value of $742.69. On September 8, 1961 plaintiff sent defendants by registered mail a notice of the filing of the notice of intention. See N.J.S. 2A:44-71, supra. The letter was received by the postmaster of Fair Lawn, New Jersey, on September 9 and forwarded that day to the defendants at their residence. A return receipt was signed by Steven Wisniewski which indicated receipt of the notice on September 11. Plaintiff filed a lien claim on the Wisniewski property on October 16, 1961 and commenced suit on October 17.
The issue raised by this appeal is extremely narrow, the question presented dealing entirely with the construction of N.J.S. 2A:44-71. That statute in pertinent part provides as follows:
"Except as hereinafter in this section and in section 2A:44-75 of this title provided, no one shall be entitled to a lien under the provisions of this article for any labor performed or materials furnished prior to the filing, in the office of the proper county clerk, of a mechanic's notice of intention to perform such labor or furnish such materials.
Notice, in writing, of the filing of any such notice of intention shall be given within 5 days of such filing to the owner of the premises, of the land described therein, personally or by registered mail, to the last known address, and unless such notice to the said owner be so given, the filing of the said notice of intention shall have no force or effect." (Emphasis added.)
The provision for written notice to the homeowner of the filing of a notice of intention was enacted by L. 1957, c. 232, p. 784, § 1. The obvious purpose of the amendment was to provide a means by which the owner would be alerted to the notice of intention, and the legal implications and consequences of same. See Apex Roofing Supply Co. v. H.W. Elliot Co., 52 N.J. Super. 522, 525 (Cty. Ct. 1958); Apex Roofing Supply Co. v. Howell, 59 N.J. Super. 462, 467 (App. Div. 1960).
Simply put, the question is this. Does the obligation of the owner to the materialman under the statute commence on the date of the mailing of the notice, or does it run from the date the notice is actually received by the owner? The *572 trial court held that the date of mailing controlled, and we agree.
In Apex Roofing Supply Co. v. H.W. Elliot Co., supra, where, as here, the notice was mailed within five days of the filing of the notice of intention but was received subsequent to the expiration of such period, the County Court so held. Noting that the statute provides for the "giving" of notice as distinguished from "service" of same, the judge reasoned at pp. 524-525 of 52 N.J. Super.:
"The word `give' has many meanings. In the sense here used it means to deliver or communicate. However, the method of delivery or communication is prescribed. It may be personally or by registered mail. The two are coordinate, and therefore equal, one to the other.
In addition, the statute makes such mailing sufficient if sent to the owner's `last known address' The obvious implication is that the lien claimant is not required to seek out the owner wherever he may be. If the last known address is not the correct address, the statute nevertheless makes the mailing sufficient.
It must be remembered that the lien refers to real property within the State. The owner may be out of the State. Notice is given by the filing in the office of the County Clerk. Until the amendment in question, this was deemed sufficient without mailing or delivery. Persons dealing with real property are expected to look in the record offices for matters affecting the property. The additional mailing is merely to alert the owner. The proceedings are quasi in rem. The Legislature might have provided for posting on the premises."
We approve this analysis of the problem. It is true that mechanic's lien laws are, as a rule, to be construed strictly against a claimant and in favor of the owner of the land insofar as they require an owner to pay a debt that he did not contract, and for a consideration that he may have already paid to the contractor. McNab & Harlin Mfg. Co. v. Paterson Building Co., 72 N.J. Eq. 929, 932 (E. & A. 1907). However, this rule of strict construction should not apply to portions of the mechanic's lien law which clearly are designed to protect the interests of the claimant. Compare Vogel v. Sloan, 98 N.J. Eq. 300 (Ch. 1925). Logically in such instances the parts of the act in question should be liberally construed in favor of the claimant. Such is the case here.
*573 The sanction imposed for failing to give timely written notice of the filing of the notice of intention is to completely deprive the notice of intention of force or effect. We are convinced that if the Legislature had intended that a materialman be deprived of the valuable rights acquired by his filing a notice of intention through no fault of his own, as for example, the vagaries of the mails or the prolonged absence of an owner from his premises resulting in receipt of the notice after the five-day period, it would either have explicitly so provided or, alternatively, would have made provision for the occurrence of such contingencies. Thus, we conclude that the mailing of the notice within the time specified in the statute fully and completely fulfilled plaintiff's obligations thereunder.
Accordingly, the judgment is affirmed.