95 N.J. Super. 442 (1967)
231 A.2d 613
NATIONAL SIDING CORP., A CORPORATION OF NEW JERSEY, PLAINTIFF-CLAIMANT,
v.
MIKE (MICHAEL) DiTRANI, BUILDER, AND LILLIAN H. HELLING-HAUSEN, OWNER, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided June 16, 1967.
*443 Mr. Louis Asarnow, attorney for plaintiff.
Mr. Luke F. Binetti, attorney for defendants.
ROSEN, J.S.C.
Applications for summary judgment have been made by the plaintiff National Siding Corp. and defendant Lillian H. Hellinghausen.
The facts are not in dispute. Defendant Lillian H. Hellinghausen is the owner of premises No. 103 Oak Street, Weehawken, New Jersey. On July 28, 1965 she entered into a written contract with defendant Michael Di Trani, contractor, whereby he agreed to install aluminum siding on the property owned by defendant for $2,800. It was agreed that she would pay $100 upon the execution of the contract, $700 on July 30, 1965, and $2,000 by the execution of a promissory installment note to National Community Bank. Pursuant to the written agreement she paid the contractor the sum of $800 in two checks, one dated July 30, 1965 in the amount of $100 and the other dated August 2, 1965 in the amount of $700. On August 4, 1965, and pursuant to the terms of the agreement, she executed an installment promissory note to National Community Bank and paid $2,000 to the contractor with the proceeds she received from the bank.
The contract between the owner and contractor was not filed in the office of the Hudson County Clerk pursuant to the provisions of the statute permitting such contracts to be filed. N.J.S. 2A:44-75.
Defendant contractor purchased certain building materials from plaintiff between July 30 and September 15, 1965. On July 30, 1965, and prior to having furnished any materials for the repair of the premises, plaintiff filed a mechanic's *444 notice of intention in the Hudson County Clerk's office and notified the owner of such filing by mailing a copy of said notice on August 4 by registered mail. The notice was received by the owner on August 6. On December 10, 1965 plaintiff filed a mechanic's lien claim in the Hudson County Clerk's office against the building and land of the owner. Plaintiff claims that there is a balance due of $1,106.15 from the contractor and that the debt is a lien on the property of defendant Hellinghausen by virtue of the provisions of the Mechanic's Lien Act, N.J.S. 2A:44-91, 92. Plaintiff's action was commenced within four months from the date the last materials were furnished.
The critical question for determination is whether or not the notice to the owner of the notice of intention which was filed with the county clerk was within the time prescribed by statute, N.J.S. 2A:44-71.
Plaintiff relies upon Elliot-Farber Roofing, etc., Co. v. Saitta, 79 N.J. Super. 568 (App. Div. 1963), as authority to support its contention that the mailing date is the determining factor in ascertaining whether proper notice was given to the owner as required by statute.
The facts of Elliot were not in dispute. On August 15, 1961 the owners of property entered into a written contract with defendant Saitta to supply labor and materials for the alteration of the owners' residence. The contract was not filed in the county clerk's office. On September 5, 1961 plaintiff, a materialman, filed a notice of intention with the county clerk pursuant to N.J.S. 2A:44-71. Between September 5 and 21, 1961 plaintiff furnished builder Saitta with materials. On September 8, 1961, three days after the filing, plaintiff sent defendant owners a notice of the filing of the notice of intention by registered mail. The letter was received by the postmaster on September 9, 1961 and forwarded that day to the owners at their residence. A return receipt was signed which indicated receipt of the notice on September 11, 1961. The statute at the time of the Elliot decision provided in pertinent part as follows:
*445 "N.J.S. 2A:44-71. Except as hereinafter in this section and in section 2A:44-75 of this title provided, no one shall be entitled to a lien under the provisions of this article for any labor performed or materials furnished prior to the filing, in the office of the proper county clerk, of a mechanic's notice of intention to perform such labor or furnish such materials.
Notice, in writing, of the filing of any such notice of intention shall be given within 5 days of such filing to the owner of the premises, of the land described therein, personally or by registered mail, to the last known address, and unless such notice to the said owner be so given, the filing of the said notice of intention shall have no force or effect." (Emphasis added)
Elliot held that this statute which provided that a materialman give notice to the owner of the premises of its filing of a notice of intention within five days of said filing, merely requires a mailing of the notice by the materialman within five days and does not require that the notice actually be received by the owner within five days. The court noted that the statute provided for the "giving" of notice as distinguished from "service" of same. Elliot, supra, at p. 572.
On June 1, 1965 N.J.S. 2A:44-71 was amended. The changes of the statute are underscored in the following quoted section:
"Except as hereinafter in this section and in section 2A:44-75 of this Title provided, no one shall be entitled to a lien under the provisions of this article for any labor performed or materials furnished prior to the filing, in the office of the proper county clerk, of a mechanic's notice of intention to perform such labor or furnish such materials.
[Notice, in writing, of the filing of any such notice of intention shall be given] A copy of the mechanics' notice of intention shall be served, within 5 days of such filing [to], upon the owner of the premises, of the land described therein, personally or by registered or certified mail, [to] at [the] his last known address, and unless such notice [to] be so served upon the said owner [be so given], the filing of the said notice of intention shall have no force or effect."
The amendatory language providing that a copy of the mechanic's notice of intention shall be served upon the owner of the premises within five days of such filing is clear and unambiguous. While the means and methods of service prescribed *446 by statute remain substantially intact, it is apparent that a copy of the notice must be served upon the owner rather than given to him.
N.J.S. 2A:44-71 was amended almost two years after the holding in Elliot. At that time the Legislature presumably knew the prior judicial construction of the act. It is a general rule of statutory construction that a change of language in a statute "ordinarily implies a purposeful alteration in the substance of the law." Nagy v. Ford Motor Co., 6 N.J. 341, 348 (1951); Stauhs v. Board of Review, 93 N.J. Super. 451, 457 (App. Div. 1967). The effect of an amendment is articulately discussed in 1 Sutherland, Statutory Construction (3d ed. 1943), § 1930, p. 412 et seq.:
"* * * [T]he courts have declared that the mere fact that the legislature enacts an amendment indicates that it thereby intended to change the original act by creating a new right or withdrawing an existing one. Therefore, any material change in the language of the original act is presumed to indicate a change in legal rights. The legislature is presumed to know the prior construction of terms in the original act, and an amendment substituting a new term or phrase for one previously construed indicates that the judicial or executive construction of the former term or phrase did not correspond with the legislative intent and a different interpretation should be given the new term or phrase." (at pages 412-413)
The amendatory language is materially and substantially different from the statutory language considered in Elliot. The statutory change is significant since Elliot implied that a different result would be appropriate if "service" of notice rather than the "giving" of same were required.
Plaintiff filed a mechanic's notice of intention in the county clerk's office on July 30, 1965. The owner, Lillian H. Hellinghausen, did not receive a copy of such notice of intention until August 6, 1965, although mailed on August 4, 1965. This court concludes that N.J.S. 2A:44-71, as amended June 1, 1965, supersedes the holding in Elliot, and consequently, under the facts of this case, the owner was not *447 "served" within the meaning of said statute until a copy of the mechanic's notice of intention was received by her.
Plaintiff's application for summary judgment against the defendant is denied. Defendant's application for summary judgment against plaintiff is granted.