NATIONAL SIDING CORP., A CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLANT, v. MICHAEL DiTRANI, BUILDER, DEFENDANT, AND LILLIAN H. HELLINGHAUSEN, OWNER, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued December 11, 1967—Decided February 2, 1968.

Before Judges GAULKIN, LEWIS and KOLOVSKY.

*Mr. Louis Asarnow* argued the cause for appellant.

*Mr. Luke F. Binetti* argued the cause for respondent.

The opinion of the court was delivered by

GAULKIN, S. J. A. D. Plaintiff materialman sued to impress a mechanic's lien upon the property owned by defend-- ant Hellinghausen (hereafter owner) for building material sold to Di Trani for use in repairing the owner's home. The trial court granted the owner's motion for summary judgment on the ground that plaintiff had not served a copy of its notice of intention upon the owner within the time limited by *N. J. S.* 2A :44–71. Its opinion is reported in 95 *N. J. Super.* 442 (*Law Div.* 1967). Plaintiff appeals. We reverse.

This matter is before the court on an agreed statement in lieu of record. *R. R.* 1 :6–2. On July 28, 1965 the owner entered into a contract with Di Trani (contractor) whereby the contractor agreed to furnish and install aluminum siding on the owner's premises for $2,800.00 The owner was to pay $100 upon the execution of the contract, $700 on July 30, 1965, and $2,000 by the execution of a promissory installment note to the National Community Bank. The contract was not filed. See *N. J. S.* 2A :44–75.

Pursuant to the contract, the owner gave the contractor two checks—one dated July 30, 1965 in the amount of $100, and the other dated August 2, 1965 in the amount of $700. On August 4, 1965 the owner executed the installment promissory note to the bank.

Between July 30 and September 15, the contractor purchased certain building materials from plaintiff. On July 30, and prior to furnishing any materials to the contractor, plaintiff filed a notice of intention pursuant to *N. J. S.* 2A :44–71. A copy of the notice was sent to the owner by registered mail on August 4, 1965 and was received by her on August 6, 1965. Thus, the copy of the notice was received by the owner more than 5 days after plaintiff had filed its notice of intention and after the owner had paid the contractor the stipulated consideration.

On December 10, 1965 plaintiff filed a mechanic's lien claim against the building and land of the owner, claiming that $1,106.15 worth of materials supplied by it to the con-

tractor had not been paid for. Its action was commenced within four months from the date the last materials were furnished. On cross-application for summary judgment, the court granted summary judgment in favor of defendant.

The critical issue on appeal is whether *N. J. S.* 2A:44–71 requires that the copy of the notice of intention must be received by the owner within five days of the filing of the notice, or whether it is sufficient that the copy be mailed to the owner within five days.

The applicable portion of *N. J. S.* 2A:44–71 (*L.* 1965, *c.* 75, § 1) provides:

"\* \* \* \* \* \* \*

A copy of the mechanics' notice of intention shall be served, within 5 days of such filing, upon the owner of the premises, of the land described therein, personally or by registered or certified mail, at his last known address, and unless such notice be so served upon the said owner, the filing of the said notice of intention shall have no force or effect."

In *Elliot-Farber Roofing, etc., Co. v. Saitta,* 79 *N. J. Super.* 568 (*App. Div.* 1963), this court had occasion to interpret *L.* 1957, *c.* 232, § 1, the precursor to the present 2A:44–71, in a factual situation closely resembling the instant one. In that case the materialman filed his notice of intention on September 5, 1961 and sent the owners, by registered mail, a notice of the filing on September 8, 1961. This was received by the owners on September 11, 1961. *L.* 1957, *c.* 232, § 1 provided:

"\* \* \* \* \* \* \*

Notice, in writing of the filing of any such notice of intention shall be given within 5 days of such filing to the owner \* \* \* of the land described therein, personally or by registered mail, to the last known address, and unless such notice to the said owner be so given, the filing of the said notice of intention shall have no force or effect."

We held that mailing of the notice by registered mail within five days of the filing constituted compliance with the 1957

statute. In reaching this result we approved the analysis of the statute made in *Apex Roofing Supply Co. v. H. W. Elliot Co.*, 52 *N. J. Super.* 522 (*Cty. Ct.* 1958), which had reached the same result. In the case at bar the trial court concluded that by substituting the words "shall be served" in *L.* 1965, *c.* 75, § 1, for "shall be given" in *L.* 1957, *c.* 232, § 1, the Legislature intended to change the result reached in *Elliot* and to require actual receipt by the owner within five days. 95 *N. J. Super.*, at *pp.* 445–446. We disagree.

Prior to 1957 there was no requirement that the owner receive any notification of the fact that the materialman had filed a notice of intention. This was the statutory scheme until the Legislature passed *L.* 1957, *c.* 232, § 1. The provision made therein for written notice to the homeowner of the filing of a notice of intention "was to provide a means by which the owner would be alerted to the notice of intention, and the legal implications and consequences of same." *Elliot-Farber Roofing, etc. Co. v. Saitta, supra*, at *p.* 571. However, that statute left open the question of what constituted sufficient notice. See *Apex Roofing Supply Co. v. Howell*, 59 *N. J. Super.* 462 (*App. Div.* 1960). It is plain that at least one reason for the 1965 amendment was to avoid the problem of determining what would be sufficient notice since the amendment required the owner to serve a copy of the filed notice upon the owner.

The 1965 statute continues to allow the materialman to serve the copy of the notice upon the owner by mail "at his last known address." We think that what the court said in *Apex Roofing Supply Co. v. H. W. Elliot Co., supra*, with reference to the 1957 statute still applies to the 1965 amendment:

"* * * the statute makes * * * mailing sufficient if sent to the owner's 'last known address.' The obvious implication is that the lien claimant is not required to seek out the owner wherever he may be. If the last known address is not the correct address, the statute nevertheless makes the mailing sufficient." (52 *N. J. Super.*, at *pp.* 524–525)

Defendant argues that the effect of our decision will be harsh upon her and will compel her to pay twice for the repairs done to her home. This may be so, but that establishes no basis upon which we can give her relief. *N. J. S.* 2A:44–81, relating to stop notices, provides that "Until service of a copy of the notice upon an owner * * * he shall be protected in payments made in good faith to any contractor * * *." Whether an owner should have such protection against a lien claim such as is asserted here is for the Legislature to decide.

Reversed. No costs.