588 A.2d 850

J.R.H. ELECTRICAL–MECHANICAL CONTRACTING CORP., A NEW JERSEY CORPORATION, PLAINTIFF–APPELLANT, v. COAST LUMBER AND SUPPLY COMPANY, INC., A NEW JERSEY CORPORATION, DEFENDANT.

TOMS RIVER WATER CO., A NEW JERSEY CORPORATION, DEFENDANT/THIRD–PARTY PLAINTIFF–RESPONDENT, v. C.L.S. CONSTRUCTION MANAGEMENT CO., THIRD–PARTY DEFENDANT.

Superior Court of New Jersey
Appellate Division

Argued February 6, 1991—Decided April 1, 1991.

Before Judges KING, LONG and R.S. COHEN.

*Lucinda W. Lane* argued the cause for appellant (*Stokes, Throckmorton & Lane,* attorneys, *Ann B. Bradley* on the brief).

*Joseph Scalia* argued the cause for defendant/third-party plaintiff-respondent (*Schuman, Butz, Bezdecki & Scalia,* attorneys, *Joseph Scalia* on the brief).

The opinion of the court was delivered by

R.S. COHEN, J.A.D.

This is an action on a mechanic's lien. Summary judgment was entered dismissing the action on the thesis that the lien was invalid because, contrary to *N.J.S.A.* 2A:44–71, the copy of the mechanic's notice of intention required to be served upon the owner was served more than 5 days after filing of the notice with the county clerk. Plaintiff appealed, and we reverse.

On October 7, 1988, plaintiff agreed to do electrical subcontracting for the general contractor on a construction project for defendant Toms River Water Company ("the owner"). On November 1, 1988, plaintiff filed in the county clerk's office a notice of intention to perform work and furnish materials, pursuant to *N.J.S.A.* 2A:44–71. The statute requires that a copy of the notice of intention shall be served on the owner within 5 days of filing, but plaintiff did not serve the owner until November 28, 1988. Plaintiff finished its work on the job

around February 20, 1989, but was paid only $22,000 of its total contract claim of some $51,000.

Plaintiff sued the general contractor on the contract and sued the owner to establish the mechanic's lien.[1] The owner denied the validity of plaintiff's lien. It also crossclaimed for indemnity from the general contractor, contending that it had fully paid the general contractor, which should have paid plaintiff.

The mechanic's lien law permits a subcontractor or material supplier to file and serve a notice of intention to perform labor or furnish materials to a construction job. The result is a lien on the real estate to secure payment for work and materials, which is enforced by prosecuting a timely suit for the unpaid contract amounts. *N.J.S.A.* 2A:44-91. The purpose is to assure that the subcontractor or material supplier is paid by the general contractor out of sums it receives from the owner. If a notice of intention is properly filed and served, an owner that pays the general contractor runs the risk that an unpaid subcontractor or material supplier will have a lien on the owner's property for work or materials supplied after the filing of the notice. An owner can avoid that danger. It can insist on release or discharge of the mechanic's lien as a condition of paying the general contractor. It might take a chance on payment certifications from the general contractor, or it might make payments directly and receive credit from a consenting general contractor.[2]

The relevant parts of *N.J.S.A.* 2A:44-71 are:

Except as hereinafter in this section and in section 2A:44-75 of this Title provided, no one shall be entitled to a lien under the provisions of this article for

---

[1]We do not know what happened to plaintiff's action against the general contractor. Because it remains unresolved, so far as we know, this appeal is actually interlocutory. Defendant has not moved to dismiss it, however, and we now grant leave to appeal *sua sponte.*

[2]The owner might also file its contract with the general contractor in the county clerk's office and thus be protected as to any payments made in good faith before receiving a "stop notice." *See N.J.S.A.* 2A:44-75 *et seq.*

any labor performed or materials furnished prior to the filing, in the office of the proper county clerk, of a mechanic's notice of intention to perform such labor or furnish such materials.

A copy of the mechanic's notice of intention shall be served, within 5 days of such filing, upon the owner of the premises, of the land described therein, personally or by registered or certified mail, at his last known address, and unless such notice be so served upon the said owner, the filing of the said notice of intention shall have no force or effect.

Plaintiff did not serve the owner within 5 days of the filing of the notice of intention. However, most if not all of plaintiff's work was done after the owner actually received a copy of the notice and was aware of plaintiff's devotion of labor and materials to the job.

█ Plaintiff repeats before us the argument it made in the Law Division that it substantially complied with the statute and thus should receive its protection. We disagree. Plaintiff says that since it did not get its filed notice back from the county clerk until November 21, 15 days after it was supposed to have served the owner, plaintiff could not be expected to make service much before November 28.

The assumption underlying plaintiff's argument is that service on the owner of a copy of the notice of intention has to await return of the filed notice from the county clerk. There is no basis for that assumption. There is no requirement that the served copy include filing information. Service can take place simultaneously with filing. Thus the late return by the county clerk of the filed copy is no excuse for late service on the owner.

The Law Division judge correctly rejected the contentions plaintiff made before him. There is another argument, however, that plaintiff should have made. We will entertain it because it is purely a matter of law, is decidable on this record, and involves a matter of statutory construction of consequence to this area of the law.

Before 1957, there was no requirement that the owner be notified of the filing of a mechanic's notice of intention other than by the filing itself. The owner is charged with construc-

tive knowledge as the result of the filing. Separate notice to the owner was added to the statute by *L.* 1957, *c.* 232, § 1, which required that written notice of the filing be given to the owner within 5 days. The purpose was to "provide a means by which the owner would be alerted to the notice of intention...." *Elliot–Farber Roofing & Siding Supply Co. v. Saitta,* 79 *N.J.Super.* 568, 571, 192 *A.*2d 318 (App.Div.1963). Failure to give notice was fatal to the notice of intention.

In 1965, the statute was again amended to provide, not that written *notice* of the filing be *given* to the owner, but that a *copy* of the notice be *served* on the owner within 5 days. The 1965 amendment was intended to change the holding of *Elliot–Farber, supra,* which was that the notice requirement was met by the mailing of notice to the owner within 5 days of filing, even if it was received after the 5 days had passed. Under the amendment, an owner is not *served* until a copy of the notice of intention is received. *National Siding Corp. v. DiTrani,* 95 *N.J.Super.* 442, 446–447, 231 *A.*2d 613 (Law Div.1967), *rev'd,* 99 *N.J.Super.* 64, 239 *A.*2d 245 (App.Div.), *rev'd* on Law Division opinion, 53 *N.J.* 6, 247 *A.*2d 667 (1968).

At first glance, the statute seems to say that a filed notice of intention has "no force or effect" unless a copy is served on the owner within 5 days. If that is the case, a mechanic has no lien for work performed after filing a notice of intention and, on the sixth day, serving an owner who has not yet fully paid the general contractor. That would mean that late service invalidates the filed notice even as to events occurring after all of the statutory protections afforded to the parties are in place. There is no purpose served by such a result, and so it is appropriate to ask whether that is really what the statute says.

There is language in the published opinions that looks that way. To our knowledge, however, no authority exists for the proposition that an owner may, without mechanic's lien liability, make payments to the general contractor for work done after filing and late service on the owner. Similarly, there is no

authority deciding that "unless such notice be so served" in *N.J.S.A.* 2A:44–71 refers not only to "personally or by registered or certified mail" but also to "within 5 days of such filing."

In *Apex Roofing Supply Co. v. H.W. Elliot Co.*, 52 *N.J.Super.* 522, 145 *A.*2d 823 (Dist.Ct.1958), the trial court held the notice timely under the pre–1965 statute and thus did not deal with the question whether the work was done before or after notice was given to the owner.

*Elliot–Farber, supra,* 79 *N.J.Super.* 568, 192 *A.*2d 318, also involved the pre–1965 statute. There was an August 15, 1961 contract in which plaintiff agreed to supply materials for Saitta on the Wisniewski house. On September 5, plaintiff filed a notice of intention. On September 8, plaintiff mailed notice thereof to the Wisniewskis (mailing being sufficient before 1965) which was received on September 11. Between September 5 and 21, plaintiff furnished Saitta with $742 worth of materials.

Since plaintiff's notice to the owner was timely, the situation presented by our case, *i.e.*, work performed and payments made after the owner receives late notice of the filing, was not involved. However, the case stands for another, important but unexpressed, proposition. Since plaintiff furnished materials between September 5, the date of filing, and September 21, some of the materials were delivered before the owner was given notice on September 8. The Appellate Division did not differentiate between pre-notice and post-notice deliveries, thus implicitly holding that a timely notice to the owner *relates back* to the date of filing of the notice of intention, and covers materials furnished between the date of filing and the date timely notice was given.

The same point may be gathered from *National Siding Corp. v. DiTrani,* 95 *N.J.Super.* 442, 231 *A.*2d 613 (Law Div. 1967), *rev'd,* 99 *N.J.Super.* 64, 239 *A.*2d 245 (App.Div.), *rev'd* on Law Division opinion, 53 *N.J.* 6, 247 *A.*2d 667 (1968). There,

plaintiff furnished materials to an aluminum siding contractor for installation at the owner's home. On July 30, plaintiff filed a mechanic's notice of intention but did not serve a copy on the owner until August 6. By August 4, the owner had paid the siding contractor the whole price for the job. Because service on the owner was late, it was ineffective to validate the notice of intention. If it had been served within 5 days after filing, however, it would have created a lien on the property in favor of the unpaid materials supplier even though the owner in good faith already fully paid the contractor. Timely service on the owner, in other words, would have related back to the date of filing, validated the lien, and required the owner to pay twice.

The purpose of the 5–day limit on service on the owner is to restrict the time of relation back. If a longer time were permitted, the result would work against the goal of service, which is to alert the owner to the existence of the filed notice. The filing of the notice itself creates a public record of which the owner has constructive notice. Each county clerk maintains a record of all mechanic's notices, and an alphabetical index arranged by the names of owners. *N.J.S.A.* 2A:44–74. Before 1957, that was all the notice the owner got. That the Legislature contemplated relation back of a timely service is evidenced by the contrasting provision of the statute concerning mechanic's liens where a written contract, signed by the owner, is filed with the county clerk. In such a case, the owner is protected as to good faith payments made to the contractor before service of a stop notice by an unpaid subcontractor or material supplier. *N.J.S.A.* 2A:44–81. There is no relation back to the filing of the contract. That is doubtless because the time interval between filing of the contract and filing of the stop notice could be quite long, at least as compared with 5 days.

Thus, as we have seen, the purpose of limiting the time for service on the owner is to restrict to 5 days the period during which the owner is bound by the record notice provided by filing the notice of intention, but may not yet have been

actually alerted by service of a copy. That purpose is satisfied by giving relation-back effect only to notices timely served, and by giving untimely notices effect only from the time they are actually served.

██ A fair reading of *N.J.S.A.* 2A:44–71, consistent with its purpose, leads to these conclusions: A mechanic's notice of intention is effective from the date of filing if a copy is served on the owner within 5 days; a mechanic's notice of intention is ineffective if the owner is not served with a copy at all; a filed mechanic's notice of intention is effective from the date of service of a copy on the owner, if that service does not take place within 5 days of filing, but is effective only as to work performed or materials furnished after the service and as to payments not yet made by the owner to the general contractor.

We note that there is nothing in this case to indicate that the owner made any payments to the general contractor in reliance on the absence of timely service of a copy of the notice of intention, or, indeed, that the owner searched the public record at all. At oral argument, the owner's counsel stated that as far as he knew no search had been made.

We reverse the summary judgment, and remand for further proceedings consistent herewith. We note that it is yet undetermined what work was done by plaintiff, and what payments were made to the general contractor, after service upon the owner.