## JAKENJO, INC. v. BLIZZARD

[No. 65, September Term, 1959.]

*Decided November 24, 1959.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Louis E. Carliner* for the appellant.

*Nelson R. Kerr,* with whom was *Stanley E. Hartman* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a decree in a mechanic's lien proceeding filed by the appellee, allowing the claim, after the Chancellor

had overruled a demurrer challenging the sufficiency of the notice of intention given to the appellant corporation. The amended petition, seeking a monetary decree, alleged that the appellee, Blizzard, had entered into a subcontract with the builder, Rochkind Construction Co., Inc., to install tile in a building which Rochkind had contracted to erect upon the property of the appellant. The notice of intention filed therewith alleged that Blizzard's work was completed on November 25, 1957.

On January 17, 1958, Blizzard mailed a registered letter to Jakenjo, Inc., containing a proper notice of intention, but the letter was returned, marked by the post office "unclaimed". On February 5, 1958, he mailed a registered letter containing the same notice to Louis E. Carliner, who is listed in the records of the State Tax Commission as the resident agent of Jakenjo, Inc. The letter was receipted for by Carliner's secretary on February 6, 1958, by signing his name, and her name as agent. According to his recollection, he was out of town on that day. On February 12, 1958, Carliner by letter acknowledged receipt of the registered letter and notice of intention, but claimed that the notice was "not in accordance with the applicable sections" of the Code. In the meantime, Blizzard had recorded his mechanic's lien on January 24, 1958. A proceeding to foreclose the lien was instituted on February 20, 1958, which was served by the sheriff upon Carliner, as resident agent, on February 24, 1958. At the trial below it was shown that the work upon the subcontract had been completed on November 13, 1958, but the job was not inspected and finally approved until November 25, 1958, on which date Blizzard billed the general contractor.

The appellant argues that since the work was completed on November 13, 1958, the ninety-day period permitted by Code (1957), Art. 63, sec. 11, expired on February 11, 1958. It contends that the requirement of notice prescribed by that section is not met by service upon the resident agent of a corporation,. and in any event is not met if the notice is receipted for by the secretary of the resident agent, and not by him personally.

Code (1957), Art. 63, sec. 11, provides: "If the contract

for furnishing such work or materials, or both, shall have been made with any architect or builder or any other person except the owner of the lot on which the building may be erected, or his agent, the person so doing work or furnishing materials, or both, shall not be entitled to a lien unless, within ninety days after furnishing the same, he or his agent shall give notice in writing to such owner or agent, if resident within the city or county, of his intention to claim such lien."

The appellant argues that the only authority of a resident agent is to accept service of process, as provided in Code (1957), Art. 23, sec. 96 of the corporation law. But this overlooks sec. 99 of that article, which provides: "Any notice required by law to be served upon any corporation of this State * * * by personal service upon a resident agent or other agent or officer of such corporation, may be served upon such corporation in the manner provided in § 97 of this article * * *." Section 97 deals with substituted service upon the State Tax Commission. See also sec. 96 (d). Code (1957), Art. 23, sec. 2 (11) defines "resident agent" as "an individual actually residing in this State or a corporation of this State, designated as such, whose name and post office address in this State are recorded or filed with the Commission, in accordance with the provisions of this article." Sec. 99, at least by implication, recognizes that statutory notices, as well as process, may be served upon a resident agent. See Brune, *Maryland Corporation Law and Practice* (Rev. ed.), § 333, p. 398. Of course, a corporation can only act vicariously, through agents of one kind or another. We see no reason why the resident agent, directly authorized to accept process on behalf of the corporation, should be ineligible to receive other legal notices required to be served upon an "owner" or the owner's "agent".

Nor do we see any reason why service upon an agent of a resident agent should be ineffective. His secretary receipted for the letter and signed his name, as agent for that purpose. Her authority to do so was not denied. Presumably, it was received by him on the following day when he returned to his office, although he did not reply to the letter until February 12th. Here again, the fact that Maryland corporations are

authorized to act as resident agents carries the implication that service may properly be made upon authorized agents. It is true that service by mail is not authorized by the statute, and hence mere proof of the mailing would probably not be sufficient. Cf. *Com. de Astral v. Boston Met. Co.,* 205 Md. 237, 253, and *Fidelity & Casualty Co. v. Riley,* 168 Md. 430. But where actual receipt is shown, it would seem to be immaterial whether such receipt is the result of personal service by the sheriff, or by a postman, or other person. See *Merrill on Notice,* § 643, and cases cited. The statute only requires that the claimant "give notice in writing", and it does not specify the mode or manner, so long as it reaches the owner or his duly authorized agent. We think the reference to "personal service" in *Wm. Penn Supply v. Watterson,* 218 Md. 291, 298, and the earlier cases therein cited, refers only to the requirement that notice be actually received by the person sought to be charged, or his agent. The statutory provision is not as detailed as Maryland Rule 306, and probably not as broad. But we think the notice was sufficient under the facts of the instant case. In the *Watterson* case, *supra,* it was conceded that the notice by registered mail was sufficient, so far as the husband was concerned. See also *Bukowitz v. Maryland Lumber Co.,* 210 Md. 148. As to the wife, the rule as to a lack of implied agency, as between husband and wife, was changed by Chapter 324, Acts of 1959, not here pertinent.

The appellant also contends that sec. 11 is not available, because the resident agent was not a resident of Baltimore County, the situs of the work, and that the only proper service of notice, under the circumstances, would be by posting notice under sec. 12. We have held that sec. 12 does not give a claimant an option, but is available only where it is shown that there is no owner or agent in the county where the work or materials were furnished, or there are other reasons why the notice could not be given personally. *Bounds v. Nuttle,* 181 Md. 400, 403; *Hill v. Kaufman,* 98 Md. 247; *Kenly, Use of Otto v. Sis. of Char.,* 63 Md. 306, 310. Certainly, the requirement of sec. 11, that notice be given to an owner or agent, "if resident within the city or county," does

not preclude the giving of notice outside of the county or city, if the owner or agent can be reached.

*Decree affirmed, with costs.*