UNITED STATES of America, for the Use and Benefit of Arthur B. CROWE

v.

CONTINENTAL CASUALTY CO. and Electronic & Missile Facilities, Inc.

Civ. A. No. 12132–B.

United States District Court
E. D. Louisiana,
New Orleans Division.
Sept. 24, 1965.

Samuel S. Dalton and Roy F. Cook, New Orleans, La., for plaintiff.

Marian Mayer Berkett, Deutsch, Kerrigan & Stiles, New Orleans, La., for defendants.

FRANK B. ELLIS, District Judge.

Electronic & Missile Facilities, Inc., acting as general contractor, contracted with the Federal Aviation Agency for construction of an air-route traffic control center near Slidell, Louisiana. This general contractor sub-contracted a portion of the work to Michael D. Rosenthal, d/b/a Supreme Equipment Co., who in turn secured a so-called third-tier contractor, Arthur B. Crowe, to supply fill, concrete sand, lubricants, oil and fuel for use in building the control center. Not having been paid under his contract with the sub-contractor, Crowe dispatched written notice to the general contractor requesting payment pursuant to the Miller Act, 40 U.S.C.A. § 270a et seq. Continental Casualty Company issued the payment bond covering the general contractor.

The Miller Act requires, as a condition precedent to recovery,[1] that notice to the general contractor be given within ninety days from the date supplies were last furnished.

> " * * * any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond upon giving *written notice to said contractor within ninety days* from the date on which such person * * furnished or supplied the last of the material for which such claim is made * * *. Such *notice* shall be served by mailing the same *by registered mail,* postage prepaid * *."

[Emphasis supplied.] 40 U.S.C.A. § 270b(a).

The general contractor and its surety moved for summary judgment on grounds that plaintiff's notice, dispatched by registered air mail on the ninetieth day after plaintiff last supplied materials, failed to reach the general contractor until the ninety-first day. In support of their motion, defendants contend that the requirement for notice to the contractor within ninety days is not satisfied unless

1. Fleisher Engineering & Construction Co. v. United States, 311 U.S. 15, 61 S.Ct. 81, 85 L.Ed. 12 (1940). The Court there held that an ordinary, non-registered, letter *actually received* by the general contractor within 90 days sufficed under the Miller Act. The "registry" requirement was considered a method to guarantee that the notice letter would be received, but there is no indication in that opinon whether actual receipt of a *registered* letter within the 90-day period is necessary. See also, Cooley v. Barten & Wood, Inc., 249 F.2d 912 (1 Cir. 1957).

the notice is actually received by the contractor on or before the ninetieth day. Plaintiff urges, in opposition, that registry constitutes notice.

The affidavits of the parties, considered in the light most favorable to plaintiff, indicate that plaintiff supplied lubricants to the project as late as August 16, 1961, and registered the notice letter in New Orleans, Louisiana, on November 14, 1961, after learning that the subcontractor was unable to pay the $41,726.00 due and owing. Receipt of the notice by the general contractor occurred on the 91st day in New York. The issue presented is whether the 90-day notice requirement of the Miller Act is satisfied when a notice letter is registered and mailed on or before the ninetieth day. We have been cited to no reported decision resolving this issue, and hence consider the matter *res nova* under the Miller Act.

Primary focus centers on the intent of Congress. There exists no direct contractual relationship between plaintiff and defendants here, but contract principles provide a useful legal analogy since Congress has provided the contract between the parties and, in effect, the above-quoted portion of the Miller Act constitutes the general contractor's "offer" to third-tier contractors. The question is one of language interpretation.

■ Basically, when an offer fails to specify the manner in which acceptance should be made, the offeree renders the contract binding the moment he transmits an acceptance in the same manner the offer was received, regardless of receipt by the offeror.[2] On the other hand, when the offer indicates that an acceptance remains ineffective until *received* by the offeror, no contract exists unless and until the acceptance is actually received.[3] When parties use the term "notice" they usually mean a communication received.[4] But when that term is coupled with an expression of the mode in which notice is to be effected, it indicates an intention to consider the communication "received" when offeree dispatches notice by the mode specified.[5]

■ The contract analogy supports plaintiff's position since the 'notice by registered mail' requirement demonstrates an intent to consider the notice received by the contractor when registered and mailed. Further support for this conclusion comes from other statutory, though non-Miller Act, authorities.

"Where service of notice by registered mail is expressly authorized by statute, service is effected when the notice is properly addressed, registered, and mailed. [citations omitted]." 66 C.J.S. Notice § 18e (1), p. 664, n. 92.

The notice having been effective when registered and mailed on the 90th day, plaintiff accomplished procedural compliance with the literal provisions of the Miller Act at that moment.

In addition to providing for notice by registered mail, the Miller Act permits notice "in any manner in which the United States marshal of the district in which the public improvement is situated is authorized by law to serve summons."[6] These express methods both guarantee verification through an uninterested party of the date notice was dispatched, thereby precluding factual controversies on questions relating to date of sending and date of receipt. Faced with a choice of selecting between date of actual receipt and date of dispatch in a manner calculated to assure receipt, the language employed by Congress expresses an intent to favor those third-tier contractors who delay sending notice until the last day,

---

2. 1 Corbin on Contracts, § 78, p. 333 (1963 ed.); 1 Williston on Contracts, § 81, pp. 266–267 (3rd ed.); Restatement of the Law of Contracts § 67.

3. Corbin §§ 78, 88, pp. 340, 374; Williston § 88, p. 283.

4. Corbin § 78, p. 340.

5. Corbin § 88, pp. 373–375; Williston § 89, pp. 283–284. There is respectable authority for the proposition that the postal service need not be technically considered the "agent" of offeror. See Corbin § 78, pp. 335–339.

6. 40 U.S.C.A. § 270b(a).

rather than favoring general contractors inclined to remit payments on the 91st day. This accords with the Supreme Court's direction to give the Miller Act "a reasonable construction in order to effect its remedial purpose * * *." Fleisher Engineering & Construction Co. v. United States, 311 U.S. 15, 18, 61 S.Ct. 81, 83 (1940).

Therefore, it is ordered that the motion of defendants, Continental Casualty Co. and Electronic & Missile Facilities, Inc., for summary judgment be, and the same is hereby denied.