PEERLESS INSURANCE COMPANY *v.* BOARD
OF COUNTY COMMISSIONERS OF PRINCE
GEORGE'S COUNTY TO AND FOR THE USE OF
BEN DYER ASSOCIATES, INC.

[No. 58, September Term, 1967.]

*Decided January 8, 1968.*

The cause was argued before HAMMOND, C. J., and HOR-
NEY, MARBURY, McWILLIAMS and FINAN, JJ.

440

*Benjamin B. Brown,* with whom was *Donald E. Sinrod* on the brief, for appellant.

*John I. Heise, Jr.,* for appellee.

MARBURY, J., delivered the opinion of the Court.

This is an appeal by Peerless Insurance Company, defendant-appellant, from an order of February 13, 1967, by Judge Bowie, granting summary judgment in favor of Ben Dyer Associates, Inc., use plaintiff-appellee, and entering judgment against Peerless for $3046.68, with interest from date and costs.

Royale Gardens, Inc., the contractor, by contract with Prince George's County, Maryland, dated June 28, 1962, undertook to "grade, pave, construct concrete curb, gutters, driveway entrances and storm drainage." The appellee was a subcontractor who did the engineering and surveying work for a subdivision known as Royale Gardens in Prince George's County. As required by Code (1957), Article 90, Section 11, the contractor, as principal, and Peerless Insurance Company, as surety, duly executed a payment bond on August 7, 1962, to Prince George's County, obligee, in favor of "all persons supplying labor and material in the prosecution of the work provided for in said contract, and any and all duly authorized modifications of said contract that may hereafter be made." The work, the payment for which this suit was brought, was performed between the dates of August 19, 1963, and May 17, 1964, and consisted of engineering work at the job site and surveying, staking, inspection and layout for the work done pursuant to the contract. The work having been completed, the appellee made demand on Royale Gardens, Inc. for payment and when payment was not received, made a similar demand on appellant, as surety on the bond. The appellant refused to make payment and this suit followed.

In its brief, the appellant contends that it is unjust to hold the surety liable for work done before the bond was executed, but the record before us shows, and indeed counsel for the appellant conceded in oral argument before us, that all of the work that is the subject of this suit was performed after the

bond was executed and had become effective. Furthermore, it appears that such work was done on the job site and was a necessary preliminary to the grading work to be done on the project.

The appellant next argues that the requirement of a surety bond is a protection granted by statute and is thus to be strictly construed as to those falling within the ambit of its protection. But this argument is not upheld by the cases and in considering Article 90, Section 11, in the case of *Montgomery County v. Glassman,* 245 Md. 192, 201, 225 A. 2d 448, this Court said:

> "There is no mechanic's lien for work done for or materials supplied to public buildings, but the bond required by the statute is intended to give substantially similar protection. The purpose of the bond, based on the statute, is to protect subcontractors and materialmen on State or other public projects where they have no lien on the work done. *Hamilton and Spiegel, Inc. v. Board of Educ.,* 233 Md. 196, 200, 195 A. 2d 710 (1963). The bond is to be liberally construed to effectuate the evident public purpose. See *Mullan Contracting Co. v. International Business Machines Corp.,* 220 Md. 248, 258-59, 151 A. 2d 906 (1959). However, like the law providing for mechanic's liens, the party seeking protection must come within the plain meaning and obvious purpose of the statute. See *Giles & Ransome, Inc. v. First Nat'l Realty Corp.,* 238 Md. 203, 205, 208 A. 2d 582 (1965)."

We hold that an engineer whose services, consisting of surveying, staking, inspection, and laying out of the construction project, were performed on the job site after the payment bond had been executed, comes "within the plain meaning and obvious purpose of the statute." Article 90, Section 11 (a) (2) includes as protected parties "all persons supplying labor and materials to the contractor or his subcontractor in the prosecution of the work provided for in the contract * * *." The services performed by the appellee fall within the defined area, and the mere fact that engineers are not specifically mentioned in the statutory language does not exclude them from the op-

eration of the statute, the general terms of which specify only "* * * persons supplying labor and materials * * *." In the case before us the appellee actually performed labor in surveying and staking out the construction site, a service that was indispensable to the prosecution and completion of the project. Surveyors and engineers have been held, in other jurisdictions, to have furnished labor, within the meaning of mechanic's lien or bonding statutes. *Kline v. Federal Insurance Co.,* (Ohio, Com.Pl.), 80 Abs 368, 60 Ohio 2d 445, 152 N. E. 2d 911 (1958) ; *Myers v. Alta Construction Co.,* 37 Cal. 2d 739, 235 P. 2d 1, 2-3 (1951) ; *Central Trust Co. v. Richmond, N., I. & B. R. Co.,* (Cir. Ct. D. Ky.) 54 Fed. 723 (1892). See also *Christie v. Commercial Casualty Ins. Co.,* 6 C. A. 2d 710, 45 P. 2d 263 (h. den. Sup. Ct. Cal. 1935) dealing with the right of coverage of a supervising foreman under a surety bond. Although the statute giving laborers and materialmen the right to mechanic's liens is not controlling here, the similarity of purpose between it and Article 90, Section 11, is so close that an analogy can be drawn. In the recent case of *Caton Ridge v. Bonnett,* 245 Md. 268, 225 A. 2d 853, this Court held that an architect who furnished plans and supervised construction was entitled to a mechanic's lien.

The appellant contends that the trial judge erred in awarding interest. The allowance of interest was proper. Ordinarily, the allowance of interest is a matter which rests in the discretion of the trier of the facts. *Shoop v. Fidelity & D. Co.,* 124 Md. 130, 91 Atl. 753. See also *City Pass. R. W. Co. v. Sewell,* 37 Md. 443. But there are cases such as this in which interest is recoverable as a matter of right. See *City Pass. R. W. Co. v. Sewell, supra.* In *Mullan Co. v. International Corp.,* 220 Md. 248, 151 A. 2d 906, we held that interest was recoverable on a bond claim against the surety for a liquidated amount due and owing from the contractor. *Accord, Montgomery County v. Phoenix,* 232 Md. 58, 192 A. 2d 111. However, the trial judge computed interest from some date not disclosed by the record before us to the date of entering the judgment. Interest would be due either from the undisclosed date of demand for payment of the claim and refusal by the appellant to pay the claim, or, in any event, from the date of filing the suit,

which was September 15, 1965. Accordingly, the interest should have been calculated only from that date, a period of one year, four months and twenty-eight days, which, at six per cent on the sum of $2604 amounts to $214.40.

Since the lower court allowed interest in the sum of $442.68 instead of $214.40, the judgment of $3046.68 will be reduced to $2818.40, with interest from February 13, 1967, and, as modified, will be affirmed.

*Judgment reduced from $3046.68 to $2818.40 with interest, and, as modified, affirmed. The appellant to pay the costs.*