## WHEELER ET AL. *v.* UNSATISFIED CLAIM AND JUDGMENT FUND

[No. 22, September Term, 1970.]

*Decided October 15, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*Thomas B. Yewell* for appellants.

*James T. Wharton,* with whom were *Francis B. Burch, Attorney General, William E. Brannan, Assistant Attorney General,* and *McCarthy & Wharton* on the brief, for appellee.

MCWILLIAMS, J., delivered the opinion of the Court.

Code, Art. 66½, Sec. 154 (a) (1967 Repl. Vol.) requires one who intends to make a claim against the Unsatisfied Claim and Judgment Fund (Fund), "as a condition precedent" to his right thereafter to apply for payment from the Fund, to "give notice" to the Unsatisfied Claim and Judgment Fund Board (Board) of such intention within 180 days after the accident or "within 30 days" of receiving a disclaimer of liability from the insurer of the person who "caused him to suffer damages." The Board says it received no such notice from the appellants. They say they mailed a proper notice to the Board before the expiration of the 30 day period and that it makes no difference that the notice was not received by the Board. There is little if any dispute about what happened.

On 13 August 1966 the appellants were injured when the car in which they were riding was struck by a car owned by Williams and driven by Brady. Williams, at the time, was asleep on the rear seat. Suit was filed on 22 November 1966. On 16 January 1967 Williams' insurer notified the appellants that there was "no coverage under its policy contract with Williams for the defendant Brady." It suggested the appellants might "feel it ad-

visable to put the uninsured motorist fund on notice in this case." Appellants introduced a carbon copy of a letter dated 9 February 1967 the original of which they say was mailed on that date to the Board and which, it is conceded, might have been proper notice, had it been received by the Board. The letter was neither registered nor certified.

In September 1967 the appellants obtained a substantial verdict against both Williams and Brady. The ensuing judgment against Williams was reversed by this Court. *Williams v. Wheeler,* 252 Md. 75 (1969). Since Brady, a minor, was both uninsured and indigent, appellants sought payment from the Fund. The Fund opposed appellants' application claiming noncompliance with Sec. 154 (a) in respect of notice. The trial judge denied appellants' application.

It is true, as appellants point out, that the Maryland statute (1957) "was patterned after the earlier [1952] New Jersey law." *Maddy v. Jones,* 230 Md. 172, 176 (1962). Appellants are quite correct also in suggesting that "from time to time [we have] looked to the New Jersey decisions for enlightenment as to the meaning and effect of the [Maryland] Statute"; *Unsatisfied Claim and Judgment Fund v. Hamilton,* 256 Md. 56, 59 (1969); *Goad v. Fisher,* 255 Md. 131, 136 (1969); *Unsatisfied Claim and Judgment Fund Board v. Holland,* 241 Md. 294, 299 (1966); but it must be observed that we have declined to follow the New Jersey decisions whenever they seemed to us to be contrary to the plain and unambiguous language of the statute. *Mullins v. Thorne,* 254 Md. 434, 438 (1969); *Mundey v. Unsatisfied Claim and Judgment Fund Board,* 233 Md. 169, 173 (1963). Mindful of our occasional rapport with the New Jersey courts, appellants make much of *Gervolino v. Porter,* 75 N.J.Super. 246 (1962). Since they seem to lean upon it so heavily, we shall take a look at it.

The New Jersey statute requires the applicant to "give notice to the Board * * * within 90 [180 days in Maryland] days after the accident." The accident (in *Gervo-*

*lino*) happened on 25 December 1957; the notice was *mailed* to the Board on 25 March 1958; it was received at the office of the Board on 26 March 1958. We quote from the court's opinion:

> "Some of the considerations pertinent in determining the question here presented were discussed in the recent decision of another part of this court in *Szczesny v. Vasquez,* 71 N.J.Super. 347 (*App. Div.* 1962). There the accident occurred July 31, 1957; plaintiffs' proofs purported to establish a mailing of the notice August 20, 1957; but when, on inquiry of the plaintiffs' attorney March 24, 1958 as to why he had received no acknowledgment of the filing of the claim, a search of the records of the Board was made, it indicated no notice was ever received there. The court dealt with the contention of the claimants that they were entitled to a presumption of receipt of the notice by the Board from evidence of its proper mailing. However, the court found the evidence of the fact of such mailing to lack probative force and therefore ruled against the plaintiffs. The strict holding of the case is thus compatible either with the legal hypothesis that *mailing* within the 90 days is adequate giving of notice (but not established to have been the fact) or that receipt of the notice by the Board within the 90 days is legally necessary (a fact not established by aid of the presumption of receipt of mail in ordinary course because the mailing itself was not satisfactorily proven). What the court would have decided had it been satisfied as a fact that the notice had been properly mailed within the period, as alleged, although in fact never received, is not indicated. The only clue afforded by the opinion is the court's distinguishment of *Delaware Twp. v. Neeld,* 52 N.J.Super. 63 (*App. Div.* 1958), on the ground that there the statute dealt with complaints

'made within' a certain number of days, implying a legislative intention to require a *filing* of the complaint. *From this it may be inferred that the Szczesny court was not persuaded that the giving of notice required by the present statute necessarily called for its receipt by the Board."* *Id.* at 248-49. (Last emphasis added.)

Appellants seem to extract much comfort from the concluding italicized language quoted above. But it is obvious dictum; indeed a more equivocal statement would be hard to concoct. Any doubt in this regard is dispelled by the following excerpt from the succeeding paragraph of the opinion:

"* * * *The facts before us do not present, and we do not here decide, the question whether receipt of the notice by the Board at some time must at all events be established by the claimant* in order for him to be deemed to have performed the statutory condition precedent. Here the notice was concededly received by the Board, and at a time sufficient to enable it to give due protection to the Fund. The State's interests in respect of the Fund were not prejudiced. See *Giacobbe v. Gassert, supra* (29 *N. J.,* at *p.* 426). *The question for our determination is simply whether the claimant has,* on her part, *timely* complied with the legislative intent, as articulated by the language, and illuminated by the objects and purposes, of the act, that she give notice of the claim to the Board within 90 days after the accident, *when she mailed such notice to the Board on the 90th day after the accident and it was in fact received."* *Id.* at 249-50. (Emphasis added.)

The court concluded that the notice of the claim was "timely given." It should be observed, however, that in doing so, it said:

"Weighing the possible disadvantages to the Board ensuing from a rule that the date of mailing, *rather than of receipt,* determines the timeliness of the notice, as against the potential harm to mailing claimants of the contrary rule, we conclude that the balance of policy considerations favors acceptance of the rule that the date of mailing controls." *Id.* at 250-51. (Emphasis added.)

Appellants rely also on *Montgomery County Board of Education v. Glassman Construction Co.,* 245 Md. 192 (1967). As we see it, however, there is about *Glassman* much that distinguishes it from the case at bar. There the notice was mailed on either Friday, 25 October or Saturday, 26 October, and it was received on Monday, 28 October. The significance of these dates, other relevant facts, and the rationale of the Court's holding in this regard are clearly and succinctly set forth by Judge Oppenheimer, who delivered the Court's opinion:

"We find more difficult the question of whether, under the statute [Code, Art. 90, § 11 (1964 Cum. Supp.)], the contractor must receive notice within the 90 day period, or whether the notice is timely if it is mailed within that period by certified or registered mail. There are no Maryland cases on the subject. * * *."

\* \* \*

"The statute provides that a claimant shall have a right of action upon the bond 'upon giving written notice to the contractor within ninety (90) days from the date' the last of the labor was performed or the last of the material furnished or supplied. *It does not state that the contractor must receive the notice within the 90 days.* The notice 'shall be served' by mailing it by registered or certified mail, postage prepaid. The appellees argue that if the Legislature had intended that the mailing of the letter is to be

sufficient to satisfy the requirement that written notice is to be given, the statute would have provided that the notice 'shall be given' instead of 'shall be served.' However, we think it at least equally logical that by the use of the phrase 'shall be served' the Legislature intended that the notice should be regarded as legally served upon the contractor when it was mailed in the prescribed manner.

"We regard it as significant in the question of statutory construction that the manner in which the notice is to be mailed is carefully set forth. Not only must postage be prepaid, but ordinary mail is not sufficient; the notice must be sent by registered or certified mail. The Legislature has eliminated claims of alleged oral notice as fulfilling the 90 day requirement *and has provided, in effect, that receipt of the written notice by the contractor is essential to prove the mailing. * * *." Id.* at 201-202. (Emphasis added.)

It is at once apparent that *Glassman* deals with a statute the raison d'etre of which is somewhat different from § 154 (a) of Art. 66½. Appellants seem to be enchanted by Judge Oppenheimer's observation that the statute "does not state that the contractor must receive the notice * * *." But he added the words "within the 90 days" which, we think, clearly connote the need for the receipt of the notice at some time. Indeed we find nothing in *Glassman* which might suggest that we ever considered, directly or indirectly, the concept that receipt of the notice was either unnecessary or unimportant. We have found no case so holding nor has any such case been brought to our attention.

The plaintiffs in *Szczesny v. Vasquez,* 71 N.J.Super. 347 (App. Div. 1962), discussed in *Gervolino, supra,* contended "that their proof of mailing notices of intention to the Unsatisfied Claim and Judgment Fund Board

raised a presumption of receipt which was not rebutted by the Board." The court referred to a general rule that, absent a legislative enactment or a contract provision respecting the method of giving notice "there is a presumption that mail matter correctly addressed, stamped and mailed was received by the party to whom it was addressed, which presumption is rebuttable and may be overcome by evidence that the notice was never in fact received." While the court found the plaintiffs' evidence of mailing to be insufficient to raise a presumption that the notice had been received, probably it can be inferred from what was said that in a proper case the presumption would be allowed by the New Jersey courts. The appellants in the case at bar do not claim the presumption; they argue that proof of mailing is proof of notice. Perhaps the reasons they have looked askance at claiming the presumption are that their proof of mailing is somewhat shaky and that the Board's evidence of nonreceipt appears to be irrefutable. In any event we reject the notion that such a presumption is available to those required to give the notice described in § 154 (a).

Rule I A 3 of the Rules and Regulations of the Fund is as follows:

> "A notice properly addressed to the Fund bearing a *postmarked* date within the period required by law shall be deemed timely, even though received by the Fund beyond such period." (Emphasis added.)

We think the above rule reflects the holdings of both *Glassman* and *Gervolino* and we hold that it reflects the requirement of the statute as well. It must not be supposed that in so holding we have shirked our duty to afford this remedial legislation a liberal construction, but we are obliged also to be mindful of the fact that the statute affords no substitute for the proof necessary for compliance with its terms and conditions and that due regard must be given to the protection of the Fund. It was not the intention of the Legislature to make access to the

Fund easy and every provision designed for its protection should be given full consideration and effect. *Maddy v. Jones, supra; Hawks v. Gottschall,* 241 Md. 147, 153 (1966) ; *Szczesny v. Vasquez, supra; Re Sinclair v. Woodward,* [1952] 1 D.L.R. 398 (Ont. Ct. App. 1951).

*Order affirmed.*
*Costs to be paid by appellants.*