## NORMAN RILEY *v.* ROBERT ABRAMS

[No. 83, September Term, 1979.]

*Decided March 27, 1980.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*James P. Elder* for appellant.
*Paul M. Bowman* for appellee.

RODOWSKY, J., delivered the opinion of the Court.

The sole issue presented here is the timeliness of the notice by a subcontractor to the owner of intention to claim a mechanics' lien. The subcontractor, on the 85th day after doing the work or furnishing the materials, mailed the notice to the owner in New Jersey by certified mail, return receipt requested. The notice was in fact received, but on the 92nd day. We hold that the notice here is effective under the mechanics' lien law, Maryland Code (1974, 1979 Cum. Supp.), § 9-104 of the Real Property Article.

Appellant, Norman Riley, of Hazlet, New Jersey ("Owner"), was having a house built in Kent County by Brick Homes, Inc., as contractor. Appellee, Robert Abrams ("Subcontractor"), furnished and hung drywall at Owner's house beginning June 15, 1978 and concluding June 28, 1978. On September 21, 1978 Subcontractor mailed to Owner a notice of intention to claim a mechanics' lien in the amount of $1,130.32. The notice was sent by certified mail. It was received on September 28, 1978 as evidence by the return receipt. The petition to establish a mechanics' lien was filed December 8, 1978. Counsel narrowed the issues before the Circuit Court exclusively to whether the notice complied with Real Property Article, § 9-104. The trial court determined that the notice was effective and on July 19, 1979 entered a final order establishing the mechanics' lien.[1] Owner appealed and we granted certiorari prior to decision by the Court of Special Appeals.

This case arises under the mechanics' lien law [2] enacted by Chapter 349 of the Acts of 1976 in response to *Barry*

---

1. The final order also provided that the property be sold unless the mechanics' lien in the amount of $1,130.32, together with interest and costs, be paid on or before the 20th day of August, 1979. Subcontractor's Petition to Establish Lien contained a prayer for that relief. See Rule BG74.a. The sale provisions of the order are not questioned.

2. Code (1974, 1979 Cum. Supp.), Real Property Article, Title 9, "Statutory Liens on Real Property", Subtitle 1, "Mechanics' Liens", §§ 9-101 through 9-112. Immediately following, as § 9-113, is the "Little Miller Act." The Little Miller Act requires, *inter alia*, that the contractor on certain public construction contracts furnish a payment bond for the protection of persons supplying labor and materials. In this opinion reference to the mechanics' lien law will mean §§ 9-101 through 9-112 and their predecessors, as distinguished from the Littler Miller Act.

*Properties, Inc. v. Fick Brothers Roofing Co.,* 277 Md. 15, 353 A.2d 222 (1976). The statute provides in part:

§ 9-104. Notice to owner by subcontractor.

(a) *Notice required to entitle subcontractor to lien.* — A subcontractor is not entitled to a lien under this subtitle unless, within 90 days after doing the work or furnishing the materials, he gives written notice of his intention to claim a lien substantially in the form specified in subsection (b) of this section.

. . . .

(c) *Notice by mail or personal delivery.* — The notice is effective if given by registered or certified mail, return receipt requested, or personally delivered to the owner by the claimant or his agent.

. . . .

(f) *Payments by owner to contractor after notice.* — On receipt of notice given under this section, the owner maywithhold, from sums due the contractor, the amount the owner ascertains to be due the subcontractor giving the notice. If the subcontractor giving notice establishes a lien in accordance with this subtitle, the contractor shall receive only the difference between the amount due him and that due the subcontractor giving the notice.

Section 9-105 (a)(1) addresses the petition to establish a lien, which

[S]hall set forth at least the following:

. . . .

(v). If the petitioner is a subcontractor, facts showing that the notice required under § 9-104 of this subtitle was properly mailed or served upon the owner, or, if so authorized, posted on the building.

Here Owner points to the provision of § 9-104 (a) that

there is no lien entitlement unless the subcontractor "gives written notice" which, Owner argues, requires receipt within the 90 day period. Owner relies on decisions of this Court arising under the mechanics' lien law before registered mail notice was specifically authorized. For example, *Jakenjo, Inc. v. Blizzard,* 221 Md. 46, 155 A.2d 661 (1959) arose under Code (1957), Art. 63, § 11. There a registered mail notice receipted for within the 90 day period by the secretary of the resident agent of the corporate owner was held to be effective. We said that the "statute only requires that the claimant 'give notice in writing', and it does not specify the mode or manner, so long as it reaches the owner or his duly authorized agent." 221 Md. at 50, 155 A.2d at 663. In *Bukowitz v. Maryland Lumber Co.,* 210 Md. 148, 122 A.2d 486 (1956), which arose under Code (1951), Art. 63, § 11, we held there was no proof of receipt of the notice by one of the owners and that "[t]here is nothing in the statute that authorizes service by registered mail which does not actually reach the intended recipient." 210 Md. at 154, 122 A.2d at 489.

Subcontractor in the instant matter looks to § 9-104 (c), which authorizes registered mail notice, and refers to *Landover Assoc. v. Fabricated Steel Products, Inc.,* 35 Md. App. 673, 371 A.2d 1140, *cert. denied,* 281 Md. 740 (1977) in which a " 'legal presumption' "of receipt from proof of proper mailing was applied to sustain admissibility of a return receipt bearing an illegible signature.[3] *Id.* at 681, 371 A.2d at 1145. Subcontractor reads *Landover Assoc.* as support for the proposition that mailing alone is consistent with the requirements of the mechanics' lien law.

Although we conclude that the notice by Subcontractor in this case does comply, it is for reasons which need not take us as far as Subcontractor's argument reaches.

This Court has held, in one case arising under the Little

---

**3.** The receipt was dated within the 90 day period. Brief for Appellant at E -140, 219, 220, Landover Assoc. v. Fabricated Steel Products, Inc., 35 Md. App. 673, 371 A.2d 1140 (1977).

Miller Act and in another decision dealing with claims against local governments, that the registered mail notice authorized by the statutes there applicable was effectively given if mailed within the prescribed time and received beyond it.

The Little Miller Act was involved in *Montgomery County ex rel. Carrier Corp. v. Glassman Constr. Co.,* 245 Md. 192, 225 A.2d 448 (1967). It provided:

> [A]ny person having direct contractual relationship with a subcontractor of the contractor . . . shall have a right of action upon the payment bond upon giving written notice to the contractor within ninety (90) days from the date on which such person did, or performed the last of the labor or furnished or supplied the last of the material for which such claim is made . . . . Such notice shall be served by mailing the same by registered or certified mail, postage prepaid, in an envelope addressed to the contractor at any place he maintains an office or conducts his business, or his residence.[4]

A sub-subcontractor on a public school project mailed, by certified mail, a notice to the contractor on Friday or Saturday, the 89th or 90th day. The notice was received the following Monday. The trial court held that notice was too late. Judgment of dismissal was reversed. In an opinion by Judge Oppenheimer we reasoned:

> The statute provides that a claimant shall have a right of action upon the bond "upon giving written notice to the contractor within ninety (90) days from the date" the last of the labor was performed or the last of the material furnished or supplied. It does not state that the contractor must receive the notice within the 90 days. The notice "shall be served" by mailing it by registered or certified mail, postage prepaid . . . .
>
> We regard it as significant in the question of

---

4. Code (1957, 1964 Repl. Vol.), Art. 90, § 11.

statutory construction that the manner in which the notice is to be mailed is carefully set forth. Not only must postage be prepaid, but ordinary mail is not sufficient; the notice must be sent by registered or certified mail. The Legislature has eliminated claims of alleged oral notice as fulfilling the 90 day requirement and has provided, in effect, that receipt of the written notice by the contractor is essential to prove the mailing. These provisions do not, of themselves, answer the question of the legislative intent, but they may properly be taken as some evidence of an intent that, with the protection they give the contractor against unsupported claims of mailing, the mailing of the notice tolls the statutory period. [245 Md. at 201-02, 225 A.2d at 454.]

It was noted that two United States District Court decisions [5] under the Miller Act, 40 U.S.C. § 270b (a), had held that its similar notice requirement is satisfied by a letter mailed on or before the 90th day, although not received by the contractor until after that day and that the same result was reached under a similar provision of the New Jersey mechanics' lien law.[6]

In *Glassman,* we recognized that one of the parties involved must carry some risk of uncertainty and inconvenience, and tipped the scale in favor of the claimant. Thus:

It is true, as the appellees argue, that to hold the

---

**5.** United States *ex rel.* Lincoln Elec. Prods. Co. v. Greene Elec. Service of Long Island, Inc., 252 F. Supp. 324, 327 (E.D.N.Y.), *aff'd* 379 F.2d 207 (2d Cir. 1966); United States *ex rel.* Crowe v. Continental Cas. Co., 245 F. Supp. 871, 873-74 (E.D. La. 1965). *Crowe* drew upon analogy to the acceptance of contractual offers which had been submitted by mail. *Lincoln Elec.* relied on *Crowe.*

**6.** Elliot-Farber Roofing & Siding Supply Co. v. Saitta, 79 N.J. Super. 568, 192 A.2d 318 (1963). Subsequent to the decision in *Saitta,* however, the New Jersey legislature amended that State's mechanics' lien notice provision to require notice to be served on the owner within five days of filing a lien. In Nat'l Siding Corp. v. Ditriani, 95 N.J. Super. 442, 231 A.2d 613 (Law Div. 1967), *aff'd* 53 N.J. 6, 247 A.2d 667 (1968) the New Jersey Supreme Court upheld a lower court decision construing this amendment to require notice to be received by the owner within the statutory time period.

statute means that the claimant is protected if he mails notice, in the manner prescribed, within the 90 day period, means that the contractor, if he does not receive the notice within that period, will be placed in the position, for some period of time, of not knowing whether he may pay his subcontractor after the expiration of the period without fear of being bound by demands by sub-subcontractors, mailed earlier but arriving later. It is also true, however, that to hold the claimant's notice, to be effective, must be received by the general contractor within the 90 day period would mean that, in effect, the 90 day period so far as the claimant is concerned is whittled down, for he would have to mail his notice in ample time to ensure that the contractor, wherever he may be, will receive the letter before the 90 days has expired. Such a holding, in our judgment, would not be in accord with the liberal construction for the benefit of claimants which the statute envisages. [245 Md. at 204, 225 A.2d at 455.]

The problem of a notice mailed within the statutory period but received beyond that period was again before this Court in *Grubbs v. Prince George's County,* 267 Md. 318, 297 A.2d 754 (1972). The statute [7] required notice to municipal corporations and certain counties in unliquidated claims for personal injury or property damage and provided that the notice "shall be presented either in person or by registered mail." Notice was sent by registered mail on the last day of the statutory period and received the next day. We there found inapposite decisions [8] based upon statutes in Connecticut and Massachusetts, which required the giving of notice without prescribing the mode, and we regarded as the critical distinction "the language contained in the Maryland statute, allowing for the registered mailing of

7. Code (1957, 1972 Repl. Vol.), Art. 57, § 18. Art. 57, § 18 was repealed and re-enacted as § 5-306 of the Courts Article, ch. 770, § 1, Acts of 1978.

8. Rapid Motor Lines v. Cox, 134 Conn. 235, 56 A.2d 519 (1947) and O'Neil v. Boston, 257 Mass. 414, 153 N. E. 884 (1926).

notice . . . ." *Id.* at 322, 297 A.2d at 756. It was noted that while a "notice requirement generally imports receipt, a different construction may result where the statute provides for notice by registered mail." *Id.* at 323, 297 A.2d at 757. In reliance on *United States ex rel. Crowe v. Continental Cas. Co., supra,* and *Montgomery County ex rel. Carrier Corp. v. Glassman Constr. Co., supra,* a judgment entered on demurrer based on lack of timeliness was reversed. With respect to the alternative methods of notice specified for claims against local governments, which are methods also provided as alternatives in § 9-104(c) of the mechanics' lien law, we said:

> We conclude that when the Legislature provided that written notice of a claim under § 18 "shall be presented *either* in person *or* by registered mail" (emphasis added), it settled upon two alternative methods of giving notice: personal delivery of the written notice on or before the one-hundred-eightieth day or the mailing of written notice by registered mail on or before the one-hundred-eightieth day without regard, in the latter situation, to whether receipt occurs before or after the expiration of one hundred eighty days following the injury. Since the latter method of "notice" was followed here in compliance with § 18, the demurrer should have been overruled. [267 Md. at 325, 297 A.2d at 758.]

At the session of the General Assembly next following the decision in *Grubbs,* the mechanics' lien law was amended, as italicized, to read that the subcontractor "shall give notice in writing, *which may include registered mail,* to such owner . . . ." Ch. 305, Acts of 1972; Code (1957, 1973 Repl. Vol., 1973 Supp.), Art. 21, § 9-103 (a).[9] Since the General Assembly is presumed to be acquainted with the prior decisions of this Court and to have acted accordingly, *Supervisor of Assessments of Anne Arundel County v. Southgate Harbor,*

---

9. By Ch. 349 of the Acts of 1972, the mechanics' lien law had been transferred from Art. 63, "Mechanics' Lien" to Art. 21, "Real Property."

279 Md. 586, 591-92, 369 A.2d 1053, 1056 (1977), the inclusion in the mechanics' lien law of registered mail as an expressly authorized manner of giving notice is strongly indicative of a legislative intent that a notice sent by registered mail within the statutory period complies even though receipt occurs beyond the statutory period.

This indication is reinforced by events at the 1974 legislative session. Senate Bill 200 was the Code Revision Commission proposed Real Property Article. As introduced § 9-103 (a), the mechanics' lien general notice section, did not contain the language added by the 1973 amendment, *i.e.,* "which may include registered mail." The Revisor's Note to § 9-103 in the First Reader copy did not specifically refer to this change but stated that the "only other changes are in style." Ch. 12 at 358-59, Acts of 1974. If registered mail notice is simply one form of notice in writing, its express inclusion could be viewed as unnecessary verbiage and its elimination as simply a change in style. However, the quoted language was inserted in the Bill in the course of passage. Ch. 12, § 9-103 (a), Acts of 1974. The insistence by the General Assembly on express reference to registered mail notice is entirely consistent with a legislative recognition that specific inclusion of that mode of giving notice effected legal results of the type recognized in *Grubbs, supra* and in *Glassman, supra.*

In the substantial revision of the mechanics' lien law following *Barry Properties, supra,* effected by Chapter 349 of the Acts of 1976, the giving of written notice continues to be required by § 9-104 (a) of the Real Property Article. The language, "which may include registered mail," was modified to that of § 9-104 (c), under which the "notice is effective if given by registered or certified mail, return receipt requested . . . ." [10] The 1976 Act also renumbered the Little Miller Act from § 9-112 to § 9-113 of the Real Property Article. Subsection 9-113(c) continues to require "giving written notice" which "shall be served by mailing the same by registered . . . mail, postage prepaid . . . ."

---

**10.** Under Code (1957, 1976 Repl. Vol.), Art. 1, § 20 "registered mail" includes "certified mail."

The common object of the mechanics' lien law and of the Little Miller Act is the protection of those who furnish labor and materials in construction. *Peerless Insurance Co. v. Bd. of County Comm'rs For Prince George's Co. ex rel. Ben Dyer Asso.*, 248 Md. 439, 442, 237 A.2d 15, 17 (1968); *Montgomery County ex rel. Carrier Corp. v. Glassman Constr. Co., supra,* 245 Md. at 201, 255 A.2d at 448. Chapter 349 embraced both statutes. This Court had previously interpreted the registered mail notice provisions of the Little Miller Act to be satisfied by a notice mailed within the time period, which was received beyond that period. We believe the General Assembly intended that the registered mail provisions of the mechanics' lien law receive the same construction. We hold that a registered mail notice under § 9-104, sent within 90 days and received thereafter, is effective.

Since the notice from Subcontractor in this case was received by Owner, we do not reach the interpretation of Real Property Article, § 9-104 if it were found as a fact that the subcontractor's notice was mailed within the statutory period but was *not* received.[11]

*Judgment affirmed; appellant to pay the costs.*

---

**11.** *Cf.* Wheeler v. Unsatisfied Claim and Judgment Fund, 259 Md. 232, 269 A.2d 593 (1970).