596 A.2d 1018

**MARDIROSSIAN FAMILY ENTERPRISES**

v.

**CLEARAIL, INC.**

**No. 161, Sept. Term, 1990.**

Court of Appeals of Maryland.

Oct. 10, 1991.

---

Albert D. Brault (James M. Brault, Brault, Graham, Scott & Brault, on brief), Rockville, for petitioner.

Thomas A. Baker (Shiling, Bloch and Baker, P.A., Baltimore, Steven R. Silberman, Patricia B. Silberman, Towson), on brief, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW and KARWACKI, JJ.

KARWACKI, Judge.

The issue in this case is whether a subcontractor, seeking to establish a mechanics' lien pursuant to Maryland Code (1974, 1988 Repl.Vol.) §§ 9–101 through 9–114 of the Real Property Article, timely notified the owner of the building under construction of its intention to claim a lien. Such notice is required by § 9–104 of the Real Property Article, which provides in pertinent part:

"(a) *Notice required to entitle subcontractor to lien.*—(1) A subcontractor doing work or furnishing materials or both for or about a building other than a single family dwelling being erected on the owner's land for his own residence is not entitled to a lien under this subtitle unless, within 90 days after doing the work or furnishing the materials, the subcontractor gives written notice of an intention to claim a lien substantially in the form specified in subsection (b) of this section....

"(c) *Notice by mail or personal delivery.*—The notice is effective if given by registered or certified mail, return receipt requested, or personally delivered to the owner by the claimant or his agent....

"(e) *Notice by posting.*—If notice cannot be given on account of absence or other causes, the subcontractor, or his agent, in the presence of a competent witness and

within 90 days, may place the notice on the door or other front part of the building. Notice by posting according to this subsection is sufficient in all cases where the owner of the property has died and his successors in title do not appear on the public record of the county.

"(f) *Payments by owner to contractor after notice; limitation on lien against certain single family dwellings.*—(1) On receipt of notice given under this section, the owner may withhold, from sums due the contractor, the amount the owner ascertains to be due the subcontractor giving the notice...."

The Circuit Court for Montgomery County ruled that the timely notice of intention to claim a lien required by § 9–104 had not been given and dismissed the subcontractor's petition to establish and enforce a mechanics' lien. That judgment was reversed by the Court of Special Appeals. *Clearail v. Mardirossian*, 84 Md.App. 497, 581 A.2d 36 (1990). We granted the property owner's writ of certiorari and shall reverse the judgment of the intermediate appellate court.

## I.

In the Court of Special Appeals the parties filed a joint election to proceed on an expedited basis pursuant to Maryland Rule 8–207. Accordingly, they filed the following agreed statement of the case, including the essential facts, as prescribed by Md.Rule 8–413(b):

"Pursuant to a subcontract with a general contractor, Clearail, Inc. ("Clearail") supplied labor and materials for the installation of clear glass block railings during the construction of an office building at 18757 North Frederick Road, Gaithersburg, Montgomery County, Maryland. The owner of the property was Mardirossian Family Enterprises ("MFE"), a general partnership.

"In a petition to establish and enforce a mechanic's lien filed in the Circuit Court for Montgomery County, Clearail alleged that it supplied the labor and materials from April 20, 1989 through July 19, 1989. MFE filed an

answer to petition denying, among other things, that Clearail gave timely notice of its intention to claim a lien under Md. Real Property Code Ann., Sec. 9–104.

"A hearing was held on March 7, 1990. At the hearing, Clearail's attorney proffered that within 90 days of July 19, 1989, he mailed two notices dated October 5, 1989, of Clearail's intention to claim a mechanics' lien by certified mail, return receipt requested, to MFE at the property address and to MFE's previous office address. The certified mail receipts were postmarked October 12, 1989.[1] Both of the notices were returned with the envelopes unopened to Clearail's attorney, and were marked by the U.S. Postal Service as "unclaimed." On the post office receipts attached to the envelopes were the following notations:

Date

10/14
1st notice

10/20
2nd Notice

10/30
Return

"After the unclaimed notices were returned to him, Clearail's attorney engaged a private process server to serve the notice personally on a partner in MFE. On December 11, 1989, more than 140 days after Clearail stopped its work, the process server personally delivered the notice to Aris Mardirossian, a general partner in MFE.

"It was undisputed that Clearail did not post a notice of intent to claim a lien on the building. It was also undisputed that MFE did not receive Clearail's notice of intention to claim a lien until December 11, 1989, when a copy

---

1. The 90th day after the last day on which the labor and materials were allegedly furnished was October 17, 1989.

of the notice was personally served on Aris Mardirossian." [2]

## II.

A notice requirement imposed upon subcontractors who intend to establish a mechanics' lien on property which they have improved by supplying material or labor has been included in every version of the mechanics' lien law since the first applicable to property in this State was adopted by Ch. 205 of the Acts of 1838. *Barry Properties v. Fick Bros.* 277 Md. 15, 17–18, 353 A.2d 222, 224–25 (1976). We have consistently construed these notice statutes as ones enacted "for the protection of the property owner." *Barry Properties, supra* at 36–37, 353 A.2d at 234–35; *Himelfarb v. B & M Weld. Iron Wks.*, 254 Md. 37, 42, 253 A.2d 842, 844 (1969); *District Hgts. Apts. v. Noland Co.*, 202 Md. 43, 51, 95 A.2d 90, 94 (1953); *Kenly Use of Otto v. Sis. of Char.*, 63 Md. 306, 309 (1885). As was stated by the *Kenly* Court over a century ago:

> "The foundation of the lien, in a case like the one before us, is the prior notice to be given to the owner. It is required for the protection of the owner, who is authorized to retain in his hands the amount due to the party giving notice. It must be given in writing and served on the owner, or his agent, if they are resident of the city or county where the building is erected. If such notice cannot be given personally on account of absence, or other causes, the claimant may then place the notice on the building...."

63 Md. at 309.

■ The purpose of the notice provision in § 9–104 is to protect the property owner against paying twice for the same labor and materials. Once alerted to the subcontractor's intention to claim a mechanics' lien, the notice provi-

---

**2.** The notice and documents personally delivered to Aris Mardirossian were copies of the notice and documents contained in the envelopes returned to Clearail's attorney.

sion permits the owner to withhold from the balance due his general contractor the amount alleged to be due the subcontractor. *District Hgts. Apts., supra,* at 51, 95 A.2d at 94; *Bukowitz v. Maryland Lumber Co.,* 210 Md. 148, 152, 122 A.2d 486, 488 (1956).

In 1973, the Maryland Legislature for the first time specifically authorized the required written notice to be given by registered mail.[3] Nevertheless, even prior to that enactment, we had held that a registered mail notice to the owner was effective. *Jakenjo, Inc. v. Blizzard,* 221 Md. 46, 155 A.2d 661 (1959). The Court reasoned:

> "[W]here actual receipt is shown, it would seem to be immaterial whether such receipt is the result of personal service by the sheriff, or by a postman, or other person. See *Merrill on Notice,* § 643, and cases cited. The statute only requires that the claimant 'give notice in writing', and it does not specify the mode or manner, so long as it reaches the owner or his duly authorized agent."

*Id.* 210 Md. at 50, 155 A.2d at 663. But, where there was no proof that the registered mail notice was received by the property owner, we held that the subcontractor had not complied with the notice provision. *Bukowitz, supra.* The Court stated, "There is nothing in the statute that authorizes service by registered mail which does not actually reach the intended recipient." *Id.* at 154, 122 A.2d at 489.

In 1976, our mechanics' lien law was again revised[4] to meet the constitutional objections to its previous provisions set forth in *Barry Properties, supra.* As part of that comprehensive revision the notice provision was enacted as it substantially now appears in § 9–104 of the Real Property Article.[5] We addressed this version of the notice provi-

---

**3.** Ch. 305 of the Acts of 1973.

**4.** Chapter 349 of the Acts of 1976.

**5.** A further amendment of § 9–104 which is not material to the instant case was effected by Ch. 251 of the Acts of 1982.

sion in *Riley v. Abrams*, 287 Md. 348, 412 A.2d 996 (1980), where the issue was whether a subcontractor had complied with the notice provision when his certified mail notice mailed within the 90 day period was not received by the owner until the 92nd day. We held that the notice was effective. Judge Rodowsky for The Court wrote:

> "This Court has held, in one case arising under the Little Miller Act and in another decision dealing with claims against local governments, that the registered mail notice authorized by the statutes there applicable was effectively given if mailed within the prescribed time and received beyond it."

*Id.* at 351–52, 412 A.2d at 998.

> "At the session of the General Assembly next following the decision in *Grubbs* [*v. Prince George's Co.*, 267 Md. 318, 297 A.2d 754 (1972)], the mechanics' lien law was amended, as italicized, to read that the subcontractor 'shall give notice in writing, *which may include registered mail,* to such owner....' Ch. 305, Acts of 1972; Code (1957, 1973 Repl. Vol., 1973 Supp.), Art. 21, § 9–103(a). Since the General Assembly is presumed to be acquainted with the prior decisions of this Court and to have acted accordingly, *Supervisor of Assessments of Anne Arundel County v. Southgate Harbor*, 279 Md. 586, 591–92, 369 A.2d 1053, 1056 (1977), the inclusion in the mechanics' lien law of registered mail as an expressly authorized manner of giving notice is strongly indicative of a legislative intent that a notice sent by registered mail within the statutory period complies even though receipt occurs beyond the statutory period." (footnote omitted.)

*Id.* at 355–56, 412 A.2d at 1000.

> "Since the notice from Subcontractor in this case was received by Owner, we do not reach the interpretation of Real Property Article, § 9–104 if it were found as a fact that the subcontractor's notice was mailed within the

statutory period but was *not* received." (footnote omitted) (emphasis in original). *Id.* at 357, 412 A.2d at 1000.

### III.

Our aim in construing § 9–104 of the Real Property Article is to ascertain and effectuate legislative intent. To do so "we look first to the words of the statute, read in light of the full context in which they appear, and in light of external manifestations of interest or general purpose available through other evidence." *Cunningham v. State*, 318 Md. 182, 185, 567 A.2d 126, 127 (1989). Among these contexts may be its relationship to earlier legislation and the construction of that earlier legislation by the courts. *Kaczorowski v. City of Baltimore*, 309 Md. 505, 515, 525 A.2d 628, 632 (1987). Finally, "results that are unreasonable, illogical or inconsistent with common sense should be avoided." *Potter v. Bethesda Fire Dep't.*, 309 Md. 347, 353, 524 A.2d 61, 64 (1987).

Plainly, § 9–104(c) states that the subcontractor may give the required notice of intention to claim a mechanics' lien by "registered or certified mail, return receipt requested" or by personal delivery to the owner. If such notice can not be "given on account of absence or other causes" notice by posting is authorized by § 9–104(e). Thus, the Legislature has prescribed three discrete methods by which the subcontractor may fulfill the condition to his entitlement to a mechanics' lien.

That the Legislature intended that notice by registered or certified mail would only be effective if delivered to the owner is strongly indicated by the context in which the statutory language is employed. A return receipt must be requested. The intended protection to the owner against paying twice for the same labor or materials by allowing him to withhold sums due the contractor is only effective under § 9–104(f)(1) "[o]n receipt of the notice given under this section." Our construction of the earlier notice provisions of the mechanics' lien law further supports this legis-

lative intention. In no case, either before or after registered or certified mail was specifically authorized as a vehicle for giving the required notice, have we ever found a mailed notice effective where there was no delivery of that mail.

In *Riley, supra,* we analogized the requirements of notice by registered or certified mail in § 9–104(c) of the Real Property Article to similar provisions in the Little Miller Act. Md.Code (1957, 1964 Repl.Vol.), Art. 90, § 11 and Md.Code (1957, 1972 Repl.Vol.), Art. 57, § 18 requiring notice to municipalities and counties of unliquidated claims for personal injury or property damage. In *Montgomery County v. Glassman,* 245 Md. 192, 225 A.2d 448 (1967), we construed the Little Miller Act which then provided:

"[A]ny person having direct contractual relationship with a subcontractor of the contractor ... shall have a right of action upon the payment bond upon giving written notice to the contractor within ninety (90) days from the date on which such person did, or performed the last of the labor or furnished or supplied the last of the material for which such claim is made.... Such notice shall be served by mailing the same by registered or certified mail, postage prepaid, in an envelope addressed to the contractor at any place he maintains an office or conducts his business, or his residence." Md.Code (1957, 1964 Repl.Vol.) Art. 90 § 11(c).

The case involved a subcontractor on a school construction project who sent notice to the general contractor by certified mail, return receipt requested, either Friday or Saturday, the 89th or 90th day. The notice was received on the following Monday. Although we held that the subcontractor had complied with the notice statute, we emphasized the importance of the delivery of the notice to the addressee of the certified mail:

"We regard it as significant in the question of statutory construction that the manner in which the notice is to be mailed is carefully set forth. Not only must postage be prepaid, but ordinary mail is not sufficient; the notice

must be sent by registered or certified mail. The Legislature has eliminated claims of alleged oral notice as fulfilling the 90 day requirement and has provided, in effect, that receipt of the written notice by the contractor is essential to prove the mailing."

*Glassman,* 245 Md. at 202, 225 A.2d at 454.

In *Grubbs v. Prince George's Co.,* 267 Md. 318, 297 A.2d 754 (1972), we construed a statute requiring notice of unliquidated claims for personal injury or property damage against municipalities and certain counties. That statute required that the notice "shall be presented either in person or by registered mail." The claimant in that case mailed his notice by registered mail on the last day of the statutory period, and it was not delivered until the next day. We held that the claimant had complied with the statute, but we stressed the fact of delivery of the registered mail notice to the addressee as essential to that compliance:

"We conclude that when the Legislature provided that written notice of a claim under § 18 'shall be presented *either* in person *or* by registered mail' (emphasis added), it settled upon two alternative methods of giving notice: personal delivery of the written notice on or before the one-hundred-eightieth day or the mailing of written notice by registered mail on or before the one-hundred-eightieth day without regard, in the latter situation, to whether receipt occurs before or after the expiration of one hundred eighty days following injury."

*Id.* at 325, 297 A.2d at 758.

*Wheeler v. Unsat. C. & J. Fund,* 259 Md. 232, 269 A.2d 593 (1970) is also significant. In *Wheeler,* we construed Md.Code (1957, 1967 Repl.Vol.) Art. 66½, § 154(a), which required that anyone who intended to make a claim against the then constituted Unsatisfied Claim and Judgment Fund "give notice" to the Fund's board of such intention within 180 days after the accident or "within 30 days" of receiving a disclaimer of liability from the insurer of the person who injured him. The claimants contended that they mailed the required notice before the expiration of the 30 day period,

but the Fund's board denied ever receiving notice. We rejected the claimants' assertion, relying on *Glassman, supra,* that it made no difference that the notice was not received by the Fund's board. We emphasized that:

> "[W]e find nothing in *Glassman* which might suggest that we ever considered, directly or indirectly, the concept that receipt of the notice was either unnecessary or unimportant. We have found no case so holding nor has any such case been brought to our attention."

*Wheeler,* 259 Md. at 238, 269 A.2d at 596.

■ Despite this consistent construction of notice provisions, requiring that a mailed notice in order to be effective must be received by the addressee, the Court of Special Appeals in the instant case held that § 9–104 of the Real Property Article was satisfied by the sending of certified mail notice within the prescribed 90 day period and personal delivery of the notice after the 90 day period had expired.[6] Such a construction of § 9–104 ignores the plain meaning of the language employed by the General Assembly in prescribing three alternative methods of accomplishing the required notice. If the method chosen is certified or registered mail, that mail must be received by the property owner. If personal service is elected, that service must be made within 90 days of the last day on which the labor and materials were provided. If posting of the notice is authorized under the circumstances, that posting must be made within the 90 day period. Since none of these alternatives was accomplished by Clearail in the instant case, there was no compliance with § 9–104 of the Real Property Article. The statute should not be altered by judicial construction to

---

**6.** The intermediate appellate court, however, further held: (1) that since the certified mail notice was never received by the property owner, the extent of the lien would depend upon the diligence of the subcontractor in perfecting personal service; and (2) that the property owner would be protected as to payments made to the general contractor for the work performed by the subcontractor to the extent that the owner acted in good faith.

excuse Clearail's failure to comply. *Nat'l Un. of Hosp. v. Johns Hopkins*, 293 Md. 343, 360, 444 A.2d 448, 456 (1982).

## IV.

Clearail also argues that its failure to deliver certified mail notice should be excused because its attempt was frustrated by MFE's failure to claim the certified mail. Clearail relies on the principle that a party who prevents a condition from occurring may not avail itself of the benefit of the non-occurrence. *Shoreham v. Randolph Hills*, 248 Md. 267, 235 A.2d 735 (1967); *Shapiro Eng. v. Day Co.*, 215 Md. 373, 137 A.2d 695 (1958); *North Bros. & Strauss v. Mallory*, 94 Md. 305, 51 A. 89 (1902). That principle has no application in the present case.

There is no evidence that anyone at MFE knowingly or wilfully refused to claim the certified mail. The agreed facts do not indicate that anyone at MFE learned of the contents of the certified mail which was unclaimed or that MFE's representatives purposely failed to pick up the letters from the post office in order to avoid imposition of the lien.[7] Moreover, no inference can be drawn that the addressee declined to claim the mail, knowing what it contained. *Bukowitz v. Maryland Lumber Co.*, 210 Md. 148, 122 A.2d 486 (1956) (notice sent by a subcontractor via registered mail and returned marked "refused" did not permit the inference that addressee declined to receive notice, or knew what the mail contained). There could have been any number of legitimate reasons why the certified mail was unclaimed by the partners or employees of MFE.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED; CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO AFFIRM THE JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY. COSTS IN THIS COURT AND IN THE COURT OF

---

7. It should be noted that the mailed notice to MFE was not addressed to any specific person at MFE.

SPECIAL APPEALS TO BE PAID BY THE RESPON-
DENT.